### UNITED STATES DISTRICT COURT OF SOUTHERN OHIO
### WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| JOHN V. LITTIG | CASE NO. 1:20cv00727 |
| PLAINTIFF, | JUDGE MICHAEL R. BARRETT |
| v. | |
| SUN COMMUNITIES, INC. | **DEFENDANT SUN COMMUNITIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| DEFENDANT. | **JURY DEMAND ENDORSED HEREIN** |

Now comes Defendant Sun Communities, Inc. ("Defendant" or "Sun"), by and through counsel, and respectfully tenders the following Answer to Plaintiff John v. Littig's ("Plaintiff") Complaint:

### FIRST DEFENSE

1. Defendant is without knowledge sufficient to form a belief as to all of the allegations set forth in Paragraph 1 of Plaintiff's Complaint. By way of further answer, Defendant admits that Plaintiff rents a lot in Apple Creek Park.

2. Defendant denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint. By way of further answer, Defendant admits that a tree a tree fell on Plaintiff's home. Defendant denies that the tree was dead.

3. Defendant is without knowledge sufficient to form a belief as to the allegations set forth in Paragraphs 3, 4, 5 and 6 of Plaintiff's Complaint, and therefore denies same.

4. Defendant denies the allegations set forth in Paragraphs 7, 8, 9, 10, 11, 12 and 13 of Plaintiff's Complaint.

5. In response to Paragraphs 14 and 15 of Plaintiff's Complaint, Defendant admits that Plaintiff had a lease with Defendant, the terms of which speak for themselves. Defendant denies the remainder of the allegations set forth in Paragraphs 14 and 15 of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in Paragraphs 16 and 17 of Plaintiff's Complaint.

7. Defendant admits the allegations set forth Paragraphs 18, 19, 20 and 21 of Plaintiff's Complaint.

8. Defendant denies the allegations set forth in Paragraphs 22, 23, 24, 25, 26 and 27 of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff has failed to join the necessary and indispensable parties pursuant to Civil Rule 19.

## FIFTH DEFENSE

No duty was owed to Plaintiff by this Defendant.

## SIXTH DEFENSE

Any alleged damage sustained by Plaintiff was proximately caused, totally or in part, by Plaintiff's negligence and/or willful acts and that any recovery by Plaintiff must, therefore, be dismissed in whole or in part.

## SEVENTH DEFENSE

Plaintiff's damages were the result of intervening superseding actions of independent third parties/persons not under this Defendant's control.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because Plaintiff incurred and/or assumed the risks of which it complains in this action.

**NINETH DEFENSE**

Plaintiff has failed, in whole or in part, to mitigate his alleged damages and injuries.

**TENTH DEFENSE**

Plaintiff's claims are or may be barred or reduced by contributory and/or comparative negligence.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

**TWELFTH DEFENSE**

To the extent Plaintiff has been compensated for the alleged damages by receiving payment from other persons and/or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

**THIRTEENTH DEFENSE**

Plaintiff's claim for breach of contract is barred by the economic loss rule.

**FOURTEENTH DEFENSE**

Plaintiff's claim for punitive damages is barred, as he fails to allege that the Defendant acted with actual malice, aggravated or egregious fraud, or that Defendant knowingly authorized, participating in, or ratified actions/omissions of an agent.

**FIFTHTEENTH DEFENSE**

Plaintiff's damages, if any, are capped pursuant to R.C. § 2315.18.

## SIXTEENTH DEFENSE

Plaintiff's damages were caused by an Act of God.

## SEVENTEENTH DEFENSE

Defendant does hereby give notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves its right to amend its Answer to assert such defenses.

Respectfully submitted,

/s/ David G. Kern
David G. Kern (0072421)
Amy L. Butler (0075714)
FisherBroyles, LLP
201 East Fifth Street, Suite 1900
Cincinnati, Ohio 54202
O: (513) 340-4719
F: (513) 239-5163
M: (513) 265-7662
david.kern@fisherbroyles.com

## JURY DEMAND

Defendant Sun Communities, Inc., respectfully demands a trial by jury on all issues so triable.

/s/ David G. Kern
David G. Kern

**PROOF OF SERVICE**

    A copy of the foregoing was served September 15, 2020 by email upon the following:

Richard B. Uhle, Jr.
Durkee and Uhle, Attorneys
284 North Street
Batavia, Ohio 45103
uhle@fuse.net


                                            /s/ David G. Kern
                                            David G. Kern (0072421)